[See Cases Nos. 10.343 and 10,346.]

## Case No. 10,343.

NORTHWESTERN UNION PACKET CO. v. HANNIBAL.

[4 Dill. 18. note.] [1]

Circuit Court, E. D. Missouri.   1876.

WHARFAGE DUES.

[This was an action against the city of Hannibal to recover back wharfage dues. See Cases Nos. 10.342, 10,344, and 10,345.]

Duncan & Davidson, for plaintiff.
Thomas H. Bacon, for defendant.

Before DILLON, Circuit Judge, and TREAT, District Judge.

TREAT, District Judge. The ordinance of the city of Hannibal provides for wharfage, at rates to be determined by tonnage, for every landing of a steamboat. etc., and by the time the steamboat continues at the landing. The remarks made in the suit against the city of St. Louis cover this case. There is a doubtful provision in the ordinance, perhaps, concerning the anchoring at the landing for barges, etc., but no question in this case arises under that provision.

[See Case No. 10,346.]

## Case No. 10,344.

NORTHWESTERN UNION PACKET CO. v. LOUISIANA.

[4 Dill. 17. note.] [1]

Circuit Court, E. D. Missouri.   1876.

WHARFAGE DUES—RATE DEPENDENT ON—TONNAGE.

By its charter the city of Louisiana has power to erect public wharves, and fix the rates of wharfage thereat. The rates of wharfage for steamboats and boats in tow are fixed by section 3 of an ordinance of said city of Louisiana, in relation to the wharf, etc., entitled, "An ordinance in relation to the wharf; regulating the duties of city marshal. ex-officio wharf master, and prescribing and fixing the rates of wharfage." approved February 19, 1867, as follows: "Section 3. There shall be charged and collected from each and every steamboat, water-craft. raft, or float, landing at or touching the landing, and delivering or receiving any freight or passengers. within the corporate limits of the city, the following sums as wharfage. to wit: First. All steamboats landing and delivering or receiving freight or

passengers, shall be charged and pay as wharfage three dollars for each and every landing, whether ascending or descending." The action is to recover back wharfage tax paid in 1870. 1871, and 1872, under written protest. The plaintiff's boats used the improved wharf made by the city. If the tax is legal, it is admitted that the amount is reasonable.   [See Case No. 10,345.]

Duncan & Davidson, for plaintiff.
Dyer & Emmons, for defendant.

Before DILLON, Circuit Judge, and TREAT. District Judge.

TREAT, District Judge. The ordinance of the city of Louisiana covers the entire corporate limits of that city; and, if the plaintiff had paid the so-called wharfage for landing where there was no artificial or improved wharf. there might be ground of complaint. But the fact is that the plaintiff's boats chose to take the benefit of the improved wharf, built at the expense of the city, when it was well known what compensation was required for such use. The rates were not made dependent on tonnage. Judgment for defendant.

[See Cases Nos. 10.342. 10,343, and 10.346.]